**Mifit TRINGOVSKI, Jldas Tringovski, Denis Tringovski, Taner Tringovski, and Turgut Tringovski, Petitioners,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–0694–ag.

United States Court of Appeals, Second Circuit.

May 3, 2006.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

David H. Paruch, Troy, Michigan, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Virginia A. Gibson, Assistant United States Attorney, Catherine L. Votaw, Assistant United States Attorney, Michael L. Levy, Assistant United States Attorney, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioners Mifit Tringovski, his wife, Jldas, and their children, Denis, Taner, and Turgut, citizens of Macedonia, through counsel, petition for review of an order of the BIA entered on July 9, 2002, affirming a September 22, 1998 decision of Immigration Judge ("IJ") Jeffrey S. Chase. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

■ In the present case, the IJ's adverse credibility determination was not supported by substantial evidence. The assertion in the Tringovskis' application that the police had beaten Mifit Tringovski while he was "unloading a truck of meat" did not contradict his testimony that the incident had occurred inside the store where he worked, because, presumably, he would be moving in and out of the store while unloading the meat. Additionally, although the application indicated that the police had initially told him he was being arrested for stealing meat, it also indicated that they had interrogated him about anti-Serbian and anti-Macedonian organizations and demonstrations. His testimony that he was beaten because the police believed that he was involved with those organizations does not contradict the assertions in his application. Although Tringovski did

not testify about the threats to his family and his boss described in his application, he was never asked about those threats, nor were they as important to his application as his allegations that he had been beaten by police based on his ethnicity. Moreover, even if this omission and the assertions described above were to be considered discrepancies, because they were not self-evident, the IJ erred in relying upon them without first bringing them to Tringovski's attention, thereby providing him with an opportunity to address and, perhaps, reconcile them. *See Xue v. BIA,* 439 F.3d 111, 114–15 (2d Cir.2006).

The IJ also erred in finding that the 1997 U.S. State Department Report on Human Rights practices undermined Tringovski's claims. The Report states that, in Macedonia, "[s]ome members of the police on occasion were responsible for human rights abuses." Additionally, the Report states that, following a demonstration in which Albanians had been killed, the "[g]overnment ha[d] not yet held anyone responsible for the three deaths nor for the apparently indiscriminate police beatings, some documented by journalists' videos [which] may identify the offending police officers." According to the Report, the police used "excessive force in attacking" children and others "who offered no resistance...." The Report further states that "[e]thnic Albanian political leaders reported early in the year that their supporters were picked up by police on the streets or at their places of work, held up to 24 hours, and interrogated about their political activities and those of their parties. A number of those detained were allegedly beaten by police and deprived of food, sleep, and water." The Report does not undermine Mifit Tringovski's claims, as the harm that he allegedly suffered practically mirrors the harm described in the Report. For these reasons, the IJ's adverse credibility determination was not supported by substantial evidence.

■ Turning to the IJ's alternative reasons for denying the application, although general harassment not rising to the level of sufficiently extreme action does not constitute persecution, violence and physical abuse does. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Contrary to the IJ's conclusion, the two alleged beatings, one of which caused Tringovski to lose consciousness, clearly rise to the level of persecution. Once established, this past persecution creates a presumption of fear of future persecution, which the government can rebut by demonstrating that there has been a "fundamental change in circumstances" in Macedonia such that the Tringovskis' fear of future persecution can no longer be considered well founded. *See Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 151 (2d Cir.2006) (per curiam) (citing 8 C.F.R. § 208.13(b)(1)(i)(A)).

■ In the present case, neither the IJ nor the government sufficiently rebutted that presumption. The IJ stated that "[t]here clearly have been some violent ethnic incidents here and there," but then explained that those incidents were examples of mere discrimination. This explanation is unsupported and does not appear to be accurate in light of the incidents described in the U.S. State Department Report. The IJ also supported his finding of changed conditions by noting that: (1) several members of the Tringovskis' family had remained in Macedonia, and (2) Albanians had improved, yet still "somewhat low," levels of representation in "several government ministries." These findings do not sufficiently support a finding of changed conditions. Given the fact that the Tringovskis, having established past persecution, enjoyed the presumption that they had a fear of future persecution, the burden shifted to the government to rebut that presumption, and it failed to do so. *See Gao v. Gonzales,* 424 F.3d 122, 128 (2d Cir.2005).

The petition for review is therefore GRANTED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1). Any other motions that may be outstanding are also DENIED as moot.